# Tab 1

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back   Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-13-12663

| | | |
|---|---|---|
| VERNON LINICOMN vs. CITY OF DALLAS | § § § § § | Case Type: **OTHER PERSONAL INJURY**<br>Subtype: **ASSAULT/BATTERY**<br>Date Filed: **10/22/2013**<br>Location: **134th District Court** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Lead Attorneys** |
| **DEFENDANT** | CITY OF DALLAS | | **TATIA WILSON**<br>*Retained*<br>214-670-3519(W) |
| | | | |
| **PLAINTIFF** | LINICOMN, VERNON | | **KENNETH STUART HARTER**<br>*Retained*<br>972-242-8887(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| Date | Event |
|---|---|
| 10/22/2013 | ORIGINAL PETITION (OCA) |
| 10/22/2013 | ISSUE CITATION |
| 10/22/2013 | CASE FILING COVER SHEET |
| 10/23/2013 | CITATION |

| | | | |
|---|---|---|---|
| | CITY OF DALLAS | Served | 10/28/2013 |
| | | Returned | 11/01/2013 |
| | HILL, MAURICIO | Served | 11/12/2013 |
| | | Returned | 11/25/2013 |
| | MATTHEWS, CHERYL | Served | 01/13/2014 |
| | | Returned | 01/15/2014 |

| Date | Event |
|---|---|
| 10/24/2013 | CORRESPONDENCE - LETTER TO FILE |
| | *Rule 47c* |
| 10/24/2013 | NOTICE OF DISMISSAL FOR WANT OF PROSECUTION |
| 11/15/2013 | ORIGINAL ANSWER - GENERAL DENIAL |
| 11/15/2013 | SPECIAL EXCEPTIONS |
| 11/15/2013 | MOTION - DISMISS |
| 12/09/2013 | ORIGINAL ANSWER - GENERAL DENIAL |
| | *MAURICO HILL* |
| 12/09/2013 | SPECIAL EXCEPTIONS |
| 12/09/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT |
| | *DISMISSL* |
| 12/16/2013 | NOTICE OF TRIAL |
| 12/16/2013 | SCHEDULING ORDER |
| | *LEVEL 2*<br>Vol./Book 431G, Page 901, 2 pages |
| 12/16/2013 | ORDER - MEDIATION |
| | Vol./Book 431G, Page 929, 2 pages |
| 12/30/2013 | ORDER - DISMISSAL |
| | *MAURICIO HILL, CHERYL MATTHEWS, & DOES 1-3 ONLY*<br>Vol./Book 431G, Page 1022, 1 pages |
| 12/30/2013 | NOTE - CLERKS |
| | ***MAILED COPY OF DISMISSAL TO DEF'S*** |
| 01/14/2014 | NOTE - ADMINISTRATOR |
| | *vacated, need hearing b/c not agreed* |
| 01/14/2014 | ORDER - VACATE JUDGMENT |
| | *DISMISSAL AS TO MAURICIO HILL, CHERYL MATTHEWS, AND DOES 1-3 ONLY*<br>Vol./Book 432G, Page 185, 1 pages |
| 01/17/2014 | CANCELED   DISMISSAL FOR WANT OF PROSECUTION  (10:00 AM) (Judicial Officer TILLERY, DALE) |
| | *BY COURT ADMINISTRATOR* |
| 01/22/2014 | NOTICE OF HEARING / FIAT |
| 01/29/2014 | RESPONSE |
| | *PLTF-TO M/DISMISS* |
| 01/29/2014 | AMENDED PETITION |
| | *1ST AMENDED PETITION* |
| 02/03/2014 | CANCELED   Motion - Dismiss  (9:30 AM) (Judicial Officer TILLERY, DALE) |
| | *BY COURT ADMINISTRATOR*<br>*DEFT-***15M***-HEARING WAS SET BY TASHA WILSON-214-671-9553 (hearing held, ruling issued)* |
| 02/03/2014 | ORDER - PARTIAL DISMISSAL |
| | *MAURICIO HILL, CHERYL MATTHEWS AND DOES 1-3* |

Vol./Book 432G, Page 455, 1 pages
02/24/2014 | **AMENDED ANSWER - AMENDED GENERAL DENIAL**
*Defendant Cheryl Matthews' Answer to Plaintiff's First Ameneded Original Petition*
09/02/2014 | **Non Jury Trial** (9:00 AM) (Judicial Officer TILLERY, DALE)

---

**FINANCIAL INFORMATION**

---

| | | |
|---|---|---:|
| **PLAINTIFF** LINICOMN, VERNON | | |
| Total Financial Assessment | | 308.00 |
| Total Payments and Credits | | 308.00 |
| **Balance Due as of 02/28/2014** | | **0.00** |
| 10/22/2013 | Transaction Assessment | 36.00 |
| 10/23/2013 | Transaction Assessment | 272.00 |
| 10/25/2013 | PAYMENT (CASE FEES)   Receipt # 60405-2013-DCLK   KENNETH S. HARTER | (308.00) |

# Tab 2

3  CIT ATTY    Case 3:14-cv-00777-D   Document 1-4   Filed 02/28/14   Page 5 of 51   PageID 18
Filed
October 22 P3:54
Gary Fitzsimmons
District Clerk
Dallas District

Cause No. DC-13-_12663_____

| | | |
|---|---|---|
| VERNON LINICOMN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | |
| | § | G-134TH JUDICIAL DISTRICT COURT |
| CITY OF DALLAS, MAURICIO | § | |
| HILL, CHERYL MATTHEWS, and | § | |
| DOES 1-3, INCLUSIVE | § | |
| | § | |
| Defendants | § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION

### I

Plaintiff intends to conduct discovery according to Level 2, T.R.Civ.Pro. Rule 190. The amount in controversy exceeds $50,000.

### II

Venue is proper in this Court because the events complained of herein occurred in Dallas County, Texas.

### III

Plaintiff VERNON LINICOMN is an individual domiciled in Dallas County, Texas.

### IV

Defendant City of Dallas is a municipal corporation organized pursuant to the laws of the State of Texas. It may be served with process by serving the City Manager: A. C. Gonzales, 1500 Marilla Street, Dallas, Texas.

Defendant MAURICIO HILL was at all relevant times a police officer employed by the City of Dallas. He may be served with process at 1400 So. Lamar Street, Dallas, Tx. 75215

Defendant CHERYL MATTHEWS was at all relevant times a police officer employed by the City of Dallas. She may be served with process at 1400 So. Lamar Street, Dallas, Tx. 75215.

---

Defendants Does 1-3, inclusive, are believed to also have been police officers employed by the City of Dallas. When their identities are discovered this Petition will be amended to so reflect.

### V

On or about October 23, 2011, Defendants HILL and MATTHEWS, along with Doe 1, whose identity is uncertain at this time, entered Plaintiff's home without a warrant.

### VI

While in Plaintiff's home, Defendants HILL, MATTHEWS and Doe 1 assaulted Plaintiff, causing great bodily harm.

### VII

As a proximate result of the conduct of said defendants, Plaintiff was damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### VIII

Said defendants acted intentionally, maliciously, and with willful disregard for the rights of Plaintiff. Accordingly, Plaintiff is entitled to recover of said defendants exemplary damages.

### COUNT 2

### IX

Plaintiff refers to and incorporates by this reference the allegations contained hereinabove.

### X

Pleading in the alternative, Plaintiff would show that Defendants HILL, MATTHEWS and Doe 1 were acting within the course and scope of their employment with the City of Dallas. Accordingly, the City of Dallas is liable for the injuries suffered by Plaintiff.

### COUNT 3

### XI

Plaintiff refers to and incorporates by this reference the allegations contained hereinabove.

### XII

Defendants HILL, MATTHEWS, and Does 1-3, acting under color of state law, violated the constitutional and civil rights of Plaintiff by entering his home without a warrant, and by battering him without justification or excuse.

COUNT 4

XIII

Plaintiff refers to and incorporates by this reference the allegations contained hereinabove.

XIV

Defendant CITY OF DALLAS was negligent in the manner by which it trained and supervised its employees. Said defendant was under a duty to Plaintiff, as a resident and city of the City of Dallas, to supervise and train its police officers with respect to the civil rights of the members of the community and their obligations to respect such rights. Further, the City of Dallas is under a duty to properly supervise its police officers so that such officers do not commit violations of the civil and constitutional rights of the people.

XV

Plaintiff presented a claim to the City of Dallas on or about November 4, 2011. Said claim was rejected.

XVI

As a proximate result of the City's breach of duty, Plaintiff was damaged in a sum in excess of the minimum jurisdictional limits of this Court, for which he prays judgment.

COUNT 5

XVII

Plaintiff has been required to retain the services of the undersigned, an attorney at law licensed to practice in the State of Texas. Plaintiff prays that he be awarded judgment for the reasonable and necessary attorney fees incurred in the prosecution of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants, and each of them, be cited an answer and appear herein, and that upon final trial of this case, Plaintiff be awarded judgment for damages, attorney fees, costs of court, and for such other and further relief as the Court deems just.

Respectfully submitted,

LAW OFFICES OF KENNETH S. HARTER

/s/ Kenneth S. Harter
Kenneth S. Harter
SBN 09155300

1620 E. Beltline Rd.
Carrollton, Tx. 75006
(972) 242-8887
FAX (972) 446-7976

Attorneys for Plaintiff

# Tab 3

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**CITY OF DALLAS**
**BY SERVING THE CITY MANAGER A C GONZALES**
**1500 MARILLA STREET**
**DALLAS TX**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VERNON LINICOMN**

Filed in said Court **22nd day of October, 2013** against

## CITY OF DALLAS et al

For Suit, said suit being numbered **DC-13-12663**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas.
Given under my hand and the Seal of said Court at office this 23rd day of October, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas.

By/ _____
DIANNE COFFEY

Deputy

---

| **CITATION** | |
| --- | --- |
| **ATTY** | |
| **DC-13-12663** | |
| | **VERNON LINICOMN** |
| | **vs.** |
| | **CITY OF DALLAS,** |
| | **et al** |
| **ISSUED THIS** | |
| **23rd day of October, 2013** | |
| GARY FITZSIMMONS | |
| Clerk District Courts, | |
| Dallas County, Texas | |
| By: DIANNE COFFEY, Deputy | |
| **Attorney for Plaintiff** | |
| KENNETH STUART HARTER | |
| 1620 E BELTLINE RD | |
| CARROLTON TX 75006 | |
| 972-242-8887 | |



# OFFICER'S RETURN

Case No.: DC-13-12663

Court No.134th District Court

Style: VERNON LINICOMN

vs.

CITY OF DALLAS, et al

Came to hand on the _____ day of _____, 20 _____ at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____

For mileage              $ _____    of _____ County, _____

For Notary               $ _____    By _____

(Must be verified if served outside the State of Texas.)                              Deputy

Signed and sworn to by the said _____

to certify which witness my hand and seal of office.                before me this _____ day of _____, 20 _____

_____
Notary Public _____ County

Tab 4

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

MAURICIO HILL
1400 SO LAMAR STREET
DALLAS TX 75215

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 134th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being VERNON LINICOMN

Filed in said Court 22nd day of October, 2013 against

CITY OF DALLAS et al

For Suit, said suit being numbered DC-13-12663, the nature of which demand is as follows:
Suit on OTHER PERSONAL INJURY etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of October, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas County, Texas

By: _____
DIANNE COFFEY

---

**ATTY**

**CITATION**

DC-13-12663

VERNON LINICOMN
vs.
CITY OF DALLAS,
et al

ISSUED THIS
23rd day of October, 2013

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

Attorney for Plaintiff
KENNETH STUART HARTER
1620 E BELTLINE RD
CARROLTON TX 75006
972-242-8887



DALLAS COUNTY CONSTABLE
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-13-12663

Court No.134th District Court

Style: VERNON LINICOMN

vs.

CITY OF DALLAS, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation     $ _____

For mileage              $ _____     of _____ County, _____

For Notary               $ _____     By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

_____ before me this _____ day of _____, 20_____

to certify, which witness my hand and seal of office.

_____
Notary Public _____ County

# Tab 5

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**CHERYL MATTHEWS**
**1400 SO LAMAR STREET**
**DALLAS TX 75215**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VERNON LINICOMN**

Filed in said Court **22nd day of October, 2013** against

**CITY OF DALLAS** et al

For Suit, said suit being numbered **DC-13-12663**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**WITNESS:** GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of October, 2013.

**ATTEST:** GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.

By
**DIANNE COFFEY**

---

**ATTY**

**CITATION**

**DC-13-12663**

---

**VERNON LINICOMN**
vs.
**CITY OF DALLAS,**
et al

---

ISSUED THIS
**23rd day of October, 2013**

**GARY FITZSIMMONS**
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

---

**Attorney for Plaintiff**
KENNETH STUART HARTER
1620 E BELTLINE RD
CARROLTON TX 75006
972-242-8887



**OFFICER'S RETURN**

Case No. : DC-13-12663

Court No. 134th District Court

Style: VERNON LINICOMN

vs.

CITY OF DALLAS, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation     $ _____

For mileage              $ _____     of _____ County, _____

For Notary               $ _____     By _____

                                                                              Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

# Tab 6

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED _____

*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name<br>KENNETH S. HARTER | Email<br>kenharter@tx.rr.com | Plaintiff(s)/Petitioner(s):<br>Vernon Cincom | ☐Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address<br>1620 E Beltline | Telephone:<br>(972) 242-8887 | | Additional Parties in Child Support Case: |
| City/State/Zip<br>CARROLLTON TX 75006 | Fax<br>(972) 446-7976 | Defendant(s)/Respondent(s):<br>City of Irving<br>associa Dll, Clear<br>matthews, Does 1-2 | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature | State Bar No.<br>09155300 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract | ☒Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>  Liability: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br>_____<br>☐Other Injury or Damage: | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | **Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

# Tab 7



**JUDGE DALE TILLERY PRESIDING**
**134th Judicial District Court**
**600 Commerce St., 6th Floor, Room 650**
**Dallas, Texas 75202-4606**
**214/653-6995**
**fly@dallascourts.org**

October 24, 2013

KENNETH STUART HARTER
1620 E BELTLINE RD
CARROLLTON TX  75006

  Re: VERNON LINICOMN  vs.  CITY OF DALLAS, et al
    DC-13-12663

All Counsel of Record/Pro Se Litigants:

We have received your petition.  Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, your pleading is deficient because your petition does not contain a statement that conforms with Rule 47(c) 1-5.  (See:  Rule 47(c) of the Texas Rules of Civil procedure, effective March 1, 2013).

Rule 47(c) specifically provides that:

  "A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply."  (see:  Tex. R. Civ. Proc. 47(d)).

Please perfect your petition so that your petition complies with Rule 47 of the Texas Rules of Civil Procedure.

Sincerely,

No Judicial Officer Assigned
Presiding Judge

pc:  KENNETH STUART HARTER

**All counsels of record and/or Pro Se litigants must be copied on all written communication to the Court.**

# Tab 8

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**CITY OF DALLAS**
**BY SERVING THE CITY MANAGER A C GONZALES**
**1500 MARILLA STREET**
**DALLAS TX**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **VERNON LINICOMN**

Filed in said Court **22nd day of October, 2013** against

**CITY OF DALLAS et al**

For Suit, said suit being numbered **DC-13-12663**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**WITNESS: GARY FITZSIMMONS**, Clerk of the District Courts of Dallas, County, Texas
Given under my hand and the Seal of said Court at office this 23rd day of October, 2013

**ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas,**

By: _____
DIANNE COFFEY
Deputy



FILED
NOV - 1 2013
GARY FITZSIMMONS
DIST. CLERK DALLAS CO. TEXAS
DEPUTY

| ATTY | CITATION |
|---|---|
| | |
| DC-13-12663 | |
| | |
| VERNON LINICOMN | |
| vs. | |
| CITY OF DALLAS, | |
| et al | |
| | |
| ISSUED THIS | |
| 23rd day of October, 2013 | |
| | |
| GARY FITZSIMMONS | |
| Clerk District Courts, | |
| Dallas County, Texas | |
| | |
| By: DIANNE COFFEY, Deputy | |
| | |
| Attorney for Plaintiff | |
| KENNETH STUART HARTER | |
| 1620 E BELTLINE RD | |
| CARROLTON TX 75006 | |
| 972-242-8887 | |



DALLAS COUNTY CONSTABLE
PD
FILED
RETURN
PAID

**OFFICER'S RETURN**

Case No. : DC-13-12663

Court No.134th District Court

Style: VERNON LINICOMN

vs.

CITY OF DALLAS, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $ | of | County, |
| For mileage | $ | | |
| For Notary | $ | By | |
| | | | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County





*290088*

## CASE NO.: DC-13-12663

Vernon Linicomn.

vs.

City of Dallas, Mauricio Hill, Cheryl Matthews, and DOES 1-3, Inclusive,

IN THE

Dallas County 134th District Court

Dallas COUNTY, TX

FILED
13 NOV -1 PM 3: 13
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

### *AFFIDAVIT OF SERVICE*

I, **Edgar Murphy**, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am an approved Process Server authorized by the Supreme Court of the State of Texas and remain in good standing.

On 10/25/2013 at 4:04 PM, I received a **Citation Plaintiff's Original Petition** to be delivered to **City of Dallas by serving the City Manager A C Gonzales at 1500 Marilla St. Room 5-D South , Dallas , TX 75201-6318.**

That on October 28, 2013 at 3:25 PM, I delivered said documents to **City of Dallas by serving the City Manager A C Gonzales** by delivery to **Lindsay Thomas, Customer service rep. at 1500 Marilla St. Room 5-D South , Dallas , TX 75201-6318.**

Further the Affiant says not.
Description of Person Accepting Service:
Sex: Female Race: Caucasian Age: 28 Height: 5'05" Weight: 110 Hair: Red

Military Status: N/A
Marriage Status: N/A

SUBSCRIBED AND SWORN TO BY **Edgar Murphy** on this ___ day of _____, 20__ to attest witnesses my hand and seal of office.

_____
Notary Public

X _____
**Edgar Murphy**
PPS # : SCH#9719 Exp 5/31/15
EZ Messenger
1860 W Mockingbird Ln
Dallas, TX 75235
214-748-4200

LawFirm Job#: **City of Dallas**
**KENNETH S. HARTER**

KELLEY FRYE
Notary Public, State of Texas
My Commission Expires
November 05, 2016

**10/31/2013**

## Statement of Cost

**EZ Messenger**
1860 W Mockingbird Ln, Dallas, TX, 75235, Phone: 214-748-4200, Fax: 214-748-4206

### CASE NO.: DC-13-12663

| | |
|---|---|
| <u>Vernon Linicomn</u> | IN THE <u>Dallas County 134th District Court</u> |
| Plaintiff(s) | Dallas COUNTY, TX |
| vs. | |
| <u>City of Dallas, Mauricio Hill, Cheryl Matthews, and DOES 1-3, Inclusive</u> | |
| Defendant(s) | |

These costs are those incurred up to and including 10/31/2013 on City of Dallas by serving the City Manager A C Gonzales, Job #290080, Client Reference #: City of Dallas.

Metro Service of Process  $ 70.00

### Total Cost To Date: $70.00

# Tab 9

DC-13-12663
ANS
ORIGINAL ANSWER - GENERAL DENIAL
373600

DC-13-12663-G

| | | |
|---|---|---|
| VERNON LINICOMN,<br>**Plaintiff,** | §<br>§<br>§ | IN THE DISTRICT COURT |
| **v.** | §<br>§ | 134TH JUDICIAL DISTRICT |
| CITY OF DALLAS, MAURICIO HILL,<br>CHERYL MATTHEWS, and DOES 1-3<br>INCLUSIVE,<br>**Defendants.** | §<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |

## CITY OF DALLAS' SPECIAL EXCEPTIONS, ORIGINAL ANSWER, MOTION TO DISMISS, AND REQUEST FOR DISCLOSURE

Defendant, City of Dallas (the "City"), files its special exceptions, original answer, motion to dismiss, and request for disclosure in response to Plaintiff's Original Petition ("Plaintiff's Petition").

### I.    SPECIAL EXCEPTIONS

1.1    The City specially excepts to Plaintiff's Petition because it fails to affirmatively demonstrate the Court's jurisdiction by alleging a valid waiver of immunity under the Texas Tort Claims Act. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The City requests that the Court sustain this special exception and order Plaintiff, Vernon Linicomn ("Linicomn" or "Plaintiff"), to replead and cure this pleading defect within 20 days of the Court's ruling and, if Linicomn fails to do so, strike Plaintiff's Petition.

### II.    GENERAL DENIAL

2.1    Subject to and without waiving the foregoing special exceptions, the City generally denies the allegations in Plaintiff's Original Petition.

## III. DEFENSES AND AFFIRMATIVE DEFENSES

3.1 The City invokes the affirmative defense of governmental immunity as to Linicomn's purported state law claims. Specifically, the City of Dallas is a municipal corporation organized and existing as a political subdivision and a unit of government of the State of Texas, and a home rule city under the home rule amendment to the Constitution of the State of Texas and Tex. Rev. Stat. Ann. art. 1175. The City further pleads that the allegations against it herein concern the exercise of a governmental function, to wit: police protection, and the limited waiver of governmental immunity set forth in Chapter 101 of the Texas Tort Claims Act does not apply to claims based on or arising from the failure to provide or the method of providing police protection, or arising out of any other intentional tort that may be asserted by Linicomn. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.055 and 101.057.

3.2 The City affirmatively pleads that its immunity for negligent acts or omissions of its officers, agents, and employees acting in the course and scope of their employment is waived as to Linicomn's purported state law claims only to the extent set forth in the Texas Tort Claims Act.

3.3 The City pleads that it cannot be liable to Linicomn as a matter of law to the extent his state law claims are based on alleged intentional torts for which the City is absolutely immune from suit under the Texas Tort Claims Act.

3.4 The City pleads that Linicomn was contributorily negligent, in that, among other things, he failed to comply with direct verbal commands given by Dallas police officers who had identified themselves as peace officers. The City further pleads that Linicomn's own actions and/or negligence were the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

3.5     To the extent that the City's limited immunity from suit has been waived, and in the unlikely event that the City is ultimately found to be liable to Linicomn, and without waiving any of its other defenses, the City asserts that its liability is limited as set forth in Texas Civil Practice & Remedies Code § 101.023.

3.6     The City affirmatively pleads that, pursuant to section 41.0105 of the Texas Civil Practice and Remedies Code, Linicomn's recovery for past medical expenses is limited to those amounts actually paid or incurred by or on Linicomn's behalf.

## IV.     MOTION TO DISMISS CITY EMPLOYEE

4.1     Pursuant to section 101.106(e) of the Texas Civil Practice & Remedies Code, the City, as a governmental unit, moves for the immediate dismissal of all purported state law claims against its employees, namely, Mauricio Hill, Cheryl Matthews, and Does 1-3.

## V.     REQUEST FOR DISCLOSURE

5.1     Pursuant to the authority of Texas Rule of Civil Procedure 194, the City requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## VI.     DEMAND FOR JURY

6.1     The City demands a jury trial as to all issues so triable.

## VII.     PRAYER

For these reasons, Defendant, City of Dallas, requests the Court sustain its special exceptions, grant its motion to dismiss, that it have judgment of the Court that Plaintiff take nothing by this suit, and that the City recover its costs and any other relief to which it may be legally entitled.

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

Grant Hugh Brenna
Senior Assistant City Attorney
Texas Bar No. 00789170
grant.brenna@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:  214-670-3519
Telecopier:  214-670-0622

*Attorneys for Defendant City of Dallas*

## CERTIFICATE OF SERVICE

I certify that, pursuant to Rule 21a, a copy of the foregoing document was served to the following counsel of record on November 15, 2013 in the following manner:

*Via* **Certified Mail**
**Receipt No. 7007 0220 0000 5567 7794**
Kenneth S. Harter
1620 E. Beltline Road
Carrollton, Texas 75006

Tatia R. Wilson
Senior Assistant City Attorney



FILED
City of Dallas
13 NOV 15 PM 2: 58

L.....   SIMMONS
DISTRICT CLERK
DALLAS CO.. TEXAS

_____ DEPUTY

November 15, 2013

*Via Hand Delivery*
Court Clerk
134th Judicial District Court
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, 6th Floor (old)
Dallas, Texas 75202

Re:   *Vernon Linconmn v. City of Dallas, et al.*
      Cause No. DC-13-12663-G

Dear Clerk:

Enclosed are the original and two copies of Defendant City of Dallas' Special Exceptions, Original Answer, Motion to Dismiss, and Request for Disclosure in connection with the above-referenced cause of action. Please file the original document with the papers in this action and return the copies, with your date of filing shown thereon, to the City's messenger.

Thank you for your attention to this matter.

Very truly yours,

Tatia R. Wilson
Senior Assistant City Attorney

Enclosures

# Tab 10

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

| | | **ATTY** |
|---|---|---|
| | | **CITATION** |

To:

**MAURICIO HILL**
**1400 SO LAMAR STREET**
**DALLAS TX 75215**

**DC-13-12663**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

**VERNON LINICOMN**
vs.
**CITY OF DALLAS,**
**et al**

Said Plaintiff being **VERNON LINICOMN**

Filed in said Court **22nd day of October, 2013** against

ISSUED THIS
**23rd day of October, 2013**

**CITY OF DALLAS et al**

For Suit, said suit being numbered **DC-13-12663**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**GARY FITZSIMMONS**
Clerk District Courts,
Dallas County, Texas

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of October, 2013.

By: DIANNE COFFEY, Deputy

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas

By: DIANNE COFFEY

**Attorney for Plaintiff**
KENNETH STUART HARTER
1620 E BELTLINE RD
CARROLLTON TX 75006
972-242-8887



**DALLAS COUNTY CONSTABLE**
**PAID**
**IS NOT**
**PAID**

**OFFICER'S RETURN**

Case No. : DC-13-12663

Court No. 134th District Court

Style: VERNON LINICOMN

vs.

CITY OF DALLAS, et al

Came to hand on the _____ day of _____, 20 ___, at _____ o'clock _____ .M. Executed at

within the County of _____ at _____ o'clock _____ .M. on the _____ day of

20 ___, by delivering to the within named

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _____ | |
| For mileage | $ _____ | of _____ County, |
| For Notary | $ _____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ___

to certify which witness my hand and seal of office.

_____
Notary Public _____ County





**\*298882\***

FILED

NOV 25 2013

GARY FITZSIMMONS
DIST. CLERK DALLAS CO., TEXAS
DEPUTY

**CASE NO.: DC-13-12663**

| | | |
|---|---|---|
| Vernon Linicomn, | § | **IN THE** |
| | § | |
| vs. | § | **Dallas County 134th District Court** |
| | § | |
| City of Dallas, Mauricio Hill, Cheryl Matthews, | § | |
| and DOES 1-3, Inclusive, | § | **Dallas COUNTY, TX** |
| | § | |

## *AFFIDAVIT OF SERVICE*

I, **Jennifer D. Willis**, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am authorized to serve process in the State of Texas.

On **10/25/2013** at **4:07 PM**, I received a **Citation Plaintiff's Original Petition** to be delivered to **MAURICIO HILL** at **1400 SO LAMAR ST , Dallas, TX 75215**.

That on **November 12, 2013** at **8:26 PM**, I **Personally Delivered** said documents to **MAURICIO HILL** at **1400 SO LAMAR ST , Dallas, TX 75215**.

Addl Comments: **Signature on file with server Signature on file with server Signature on file with server**

Further the Affiant says not.

Description of Person Accepting Service:
Sex: Male Race: African-American Height: 5"07" Weight: 200 Hair: Black

Military Status: N/A
Marriage Status: N/A

SUBSCRIBED AND SWORN TO BY **Jennifer D. Willis** on
this ____ day of _____, 20__ to attest witnesses my
hand and seal of office.

_____
Notary Public

x _____
**Jennifer D. Willis**
PPS # : SCH# 10055 EXP 11/30/2015
EZ Messenger
1860 W Mockingbird Ln
Dallas, TX 75235
214-748-4200

Client File #: **HILL**
**KENNETH S. HARTER**

CLAUDIA ALICIA ASTRAN
Notary Public, State of Texas
My Commission Expires
July 26, 2017

**11/25/2013**

Statement of Cost

**EZ Messenger**

1860 W Mockingbird Ln, Dallas, TX, 75235, Phone: 214-748-4200, Fax: 214-748-4206

## CASE NO.: DC-13-12663

| | | |
|---|---|---|
| <u>Vernon Linicomn</u> | ) | IN THE <u>Dallas County 134th District Court</u> |
| Plaintiff(s) | ) ) | <u>Dallas</u> COUNTY, TX |
| vs. | ) ) | |
| <u>City of Dallas, Mauricio Hill, Cheryl</u> <u>Matthews, and DOES 1-3, Inclusive</u> | ) ) ) | |
| Defendant(s) | ) ) ) | |

These costs are those incurred up to and including 11/25/2013 on MAURICIO HILL, Job #290082, Client Reference #: HILL.

Metro Service of Process   $ 70.00

**Total Cost To Date: $70.00**

# Tab 11



DC-13-12663
ANS
ORIGINAL ANSWER - GENERAL DENIAL
396447

CAUSE NO. DC-13-12663-G

| | | |
|---|---|---|
| VERNON LINICOMN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 134TH JUDICIAL DISTRICT |
| CITY OF DALLAS, MAURICIO HILL, | § | |
| CHERYL MATTHEWS, and DOES 1-3 | § | |
| INCLUSIVE, | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT MAURICO HILL'S ORIGINAL ANSWER, SPECIAL EXCEPTION, AND AFFIRMATIVE DEFENSES

TO THE HONORABLE COURT:

COMES NOW, Defendant Maurico Hill ("Defendant"), incorrectly identified in Plaintiff's Petition as "Mauricio Hill", pursuant to rules 83, 84, and 85 of the Texas Rules of Civil Procedure, and files his original answer, special exception, and affirmative defenses in response to Plaintiff's Original Petition ("Petition") and, in support hereof, respectfully shows as follows:

### I.  SPECIAL EXCEPTIONS

1.1    Defendant specially excepts to Plaintiff's Petition for the reason that Plaintiff's suit against him is barred as a matter of law under section 101.106(a) of the Texas Civil Practice and Remedies Code.   The City requests that the Court sustain this special exception and order Plaintiff, Vernon Linicomn ("Linicomn" or "Plaintiff"), to replead and cure this pleading defect within 20 days of the Court's ruling and, if Linicomn fails to do so, strike Plaintiff's Petition.

### II.    GENERAL DENIAL

2.1    Subject to and without waiving the foregoing special exceptions, Defendant generally denies the allegations in Plaintiff's Petition and demands strict proof thereof according to law.

### III.   AFFIRMATIVE DEFENSES

3.1     Defendant affirmatively pleads that Plaintiff has failed to state a claim against him upon which relief can be granted.

3.2     Defendant affirmatively pleads that Plaintiff's suit is barred against him as a matter of law under section 101.106(a) of the Texas Civil Practice and Remedies Code.

3.3     Defendant affirmatively pleads the defense of official immunity.  Defendant pleads that at all relevant times during the event in issue he was acting in good faith, without malice, and within the course and scope of his official duties in the performance of a government function, and that when a public official acts in such a capacity, he is entitled to official immunity from suit and from liability.

3.4     Defendant affirmatively pleads that he cannot be liable to Plaintiff as a matter of law as to Plaintiff's purported state law claims because the acts that the City's officers, agents, and employees are alleged to have performed or failed to perform are discretionary powers for which they enjoy absolute immunity under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.056.

3.5     Defendant affirmatively pleads that Plaintiff's own unlawful actions and/or negligence were the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

3.6     Defendant affirmatively pleads that he cannot be liable to Plaintiff as a matter of law for any alleged injuries suffered by Plaintiff as a result of Plaintiff's own unlawful acts.

### IV.   JURY DEMAND

4.1     Defendant demands a trial by jury as to all issues so triable.

## V.   PRAYER

WHEREFORE, Defendant Maurico Hill requests the Court sustain his special exception, deny all relief requested by Plaintiff, dismiss with prejudice Plaintiff's claims against Defendant, render judgment that Plaintiff take nothing by this suit, and that Defendant recover his costs and any other relief, at law or in equity, to which he may be legally entitled.

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

Grant Hugh Brenna
Senior Assistant City Attorney
Texas Bar No. 00789170
grant.brenna@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7C North
Dallas, Texas 75201
Telephone:   214-670-3519
Telecopier:   214-670-0622

*Attorneys for Defendant Maurico Hill*

Defendant Maurico Hill's Special Exceptions, Original Answer, and Affirmative Defenses
*Linicomn v. City of Dallas, et al.*, Cause No. DC-13-12663-G

Page 3

## CERTIFICATE OF SERVICE

I certify that on December 9, 2013, pursuant to Rule 21a, a copy of the foregoing

document was served to Plaintiff, through his counsel of record, Kenneth S. Harter, in the

following manner:

**_Via_ Facsimile to 972-446-7976**
Kenneth S. Harter
1620 E. Beltline Road
Carrollton, Texas 75006

Tatia R. Wilson
Senior Assistant City Attorney



**City of Dallas**

December 9, 2013

*Via Hand Delivery*
Court Clerk
134th Judicial District Court
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, 6th Floor (old)
Dallas, Texas 75202

Re:     *Vernon Linicomn v. City of Dallas, et al.*
        Cause No. DC-13-12663-G

Dear Clerk:

Enclosed are the original and two copies of Defendant Maurico Hill's Special Exception, Original Answer, and Affirmative Defenses in connection with the above-referenced cause of action. Please file the original document with the papers in this action and return the copies, with your date of filing shown thereon, to the City's messenger.

In addition, please find enclosed a proposed Order of Dismissal as to Defendants Mauricio Hill, Cheryl Matthew, and Does 1-3 in connection with Defendant City of Dallas' Motion to Dismiss, which was filed on November 15, 2013, in conjunction with the City's original answer. Please present the proposed order to the Court for consideration and, once signed, return a signed copy of the same to the undersigned at the address listed on this letterhead.

Thank you for your attention to this matter.

Very truly yours,



Tatia R. Wilson
Senior Assistant City Attorney

Enclosures

*Via* **Facsimile to 972-446-7976**
Kenneth S. Harter
1620 E. Beltline Road
Carrollton, Texas 75006

# Tab 12

CAUSE NO. DC-13-12663-G

| | | |
|---|---|---|
| VERNON LINICOMN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 134TH JUDICIAL DISTRICT |
| CITY OF DALLAS, MAURICIO HILL, | § | |
| CHERYL MATTHEWS, and DOES 1-3 | § | |
| INCLUSIVE, | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORDER OF DISMISSAL AS TO DEFENDANTS
## MAURICIO HILL, CHERYL MATTHEWS, AND DOES 1-3 ONLY

On November 15, 2013, Defendant City of Dallas filed its Motion to Dismiss its employees only, namely, Defendants Maurico Hill (incorrectly identified as "Mauricio Hill" in Plaintiff's Petition), Cheryl Matthews, and Does 1-3, pursuant to Section 101.106(e) of the Texas Civil Practice and Remedies Code. After reviewing the motion and applicable law, the Court finds that the motion is well-taken and should be GRANTED.

IT IS THEREFORE ORDERED that Defendant City of Dallas' Motion to Dismiss Defendants Mauricio (Maurico) Hill, Cheryl Matthews, and Does 1-3 is GRANTED and Plaintiff take nothing against Defendants Maurico Hill, Cheryl Matthews, and Does 1-3.

IT IS FURTHER ORDERED that the Defendant City of Dallas remains a defendant in this lawsuit.

SIGNED this _____ day of _____, 2013.

_____

JUDGE PRESIDING

Order of Dismissal as to Defendants Maurico Hill, Cheryl Matthews and Does 1-3 Only – Solo Page
*Linicomn v. City of Dallas, et al.*, Cause No. DC-13-12663-G

# Tab 13

**JUDGE DALE TILLERY PRESIDING**
134th Judicial District Court
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-6995
fly@dallascourts.org

*ATTENTION: CASE WILL BE CARRIED FOR TWO (2) WEEKS.*

December 16, 2013

DOES 1-3 INCLUSIVE
No Known Address

Re:   VERNON LINICOMN  vs.  CITY OF DALLAS, et al
      DC-13-12663

All Counsel of Record/Pro Se Litigants:

PLEASE TAKE NOTE of the following settings:

**NON JURY TRIAL:**      09/02/2014 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

Sincerely,

DALE TILLERY,
Presiding Judge

DBT/fll
pc:  DOES 1-3 INCLUSIVE; CHERYL MATTHEWS; TATIA WILSON; KENNETH STUART HARTER

**ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.**

# Tab 14

CAUSE No. <u>DC-13-12663</u>

| | |
|---|---|
| **VERNON LINICOMN** | **IN THE DISTRICT COURT** |
| vs. | **134TH JUDICIAL DISTRICT** |
| **CITY OF DALLAS, et al** | **DALLAS COUNTY, TEXAS** |

## <u>UNIFORM SCHEDULING ORDER</u>

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.      This case will be ready and is set for **NON JURY TRIAL** on **SEPTEMBER 02, 2014** at **9:00 AM** ("this Trial Setting"). Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. **If not reached as set, the case will be carried to the next week.**

2.      Unless otherwise ordered, discovery in this case will be controlled by Rule 190.3 (**LEVEL 2**) of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.      Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.      Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a(c) motions must be heard no later than thirty (30) days before trial.

5.      No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.      The parties shall mediate this case no later than sixty (60) days before this Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation in accordance with this Court's MEDIATION ORDER. **CHARLES A OLIVER** is hereby appointed mediator. The parties must advise both the court and the aforementioned mediator in writing of any agreed mediator within fourteen (14) days from the

date this Order.  Any mediator substitution requested beyond such time may only be made by motion for submission to the court for good cause and under extraordinary circumstances. Unless otherwise ordered by the court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the court within fourteen (14) days of the date of this order; the court will appoint a mediator.

7.      Fourteen (14) days before this Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned.  Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation.  Rule 193.7 applies to this designation.  On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4:00 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine.  Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

8.      All Daubert challenges, all witness challenges, and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

**SIGNED** on  12/16/2013 .

                                        DALE TILLERY, Presiding Judge

pc:      CHARLES A OLIVER; DOES 1-3 INCLUSIVE; CHERYL MATTHEWS; TATIA WILSON;
          KENNETH STUART HARTER

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

JUDGE DALE TILLERY PRESIDING
134th Judicial District Court
600 Commerce St., 6th Floor, Room 650
Dallas, Texas 75202-4606
214/653-6995
fly@dallascourts.org

Civil Case Cover Sheet
In Dallas County, Texas

December 16, 2013

CHARLES A OLIVER
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206

Re:   VERNON LINICOMN  vs.  CITY OF DALLAS, et al
      DC-13-12663

PLEASE SEE ATTACHMENT(S):

KENNETH STUART HARTER
1620 E BELTLINE RD
CARROLTON TX  75006
CHERYL MATTHEWS
1400 SO LAMAR STREET
DALLAS TX  75215
DOES 1-3 INCLUSIVE
No Known Address
TATIA WILSON
CITY HALL 7CN
1500 MARILLA STREET
DALLAS TX  75201
CHARLES A OLIVER
4925 GREENVILLE AVENUE
SUITE 200
DALLAS TX  75206

**ALL PARTIES MUST BE MADE AWARE OF ALL COMMUNICATIONS WITH THE COURTS.**