IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VERNON LINICOMN,                        §
                                        §
                        Plaintiff,      §
                                        §   Civil Action No. 3:14-CV-0777-D
VS.                                     §
                                        §
CITY OF DALLAS, et al.,                 §
                                        §
                        Defendants.     §

MEMORANDUM OPINION
AND ORDER

In this action under 42 U.S.C. § 1983 alleging constitutional violations arising from

police officers' warrantless entry into a residence and use of force, and a city's alleged

negligent training and supervision of the police officers, plaintiff has filed a Fed. R. Civ. P.

7(a) reply to address the police officers' defense of qualified immunity, and two police

officers and the city move under Rule 12(c) for judgment on the pleadings.  For the reasons

that follow, the court grants defendants' motions and also grants plaintiff leave to replead.

I

Plaintiff Vernon Linicomn ("Linicomn") sues defendants Maurico Hill ("Officer

Hill"), Cheryl Matthews ("Officer Matthews"), three unidentified officers of the Dallas

Police Department ("Does 1-3") (collectively, the "Officers"), and the City of Dallas ("the

City"), alleging claims under § 1983 against the Officers for entering his residence without

a warrant and using excessive force against him,[1] and against the City for negligently training and supervising the Officers.[2]

On the night of October 23, 2011, Officers Hill and Matthews were dispatched to Linicomn's residence in response to a 911 call from Linicomn's former wife, Linda Linicomn ("Linda"). When Officers Hill and Matthews arrived, Linda informed them that her 11 year old daughter was sick and inside the residence with Linicomn. City firefighters and paramedics who were already on the scene informed Officers Hill and Matthews that they had attempted unsuccessfully to enter the residence to assist the child. Officer Hill knocked loudly on the front door several times, announcing himself as a Dallas police officer and requesting entry, but no one responded. Officer Hill then contacted his supervisor, Sergeant Melquiades Irizarry ("Sgt. Irizarry") (believed to be Doe 1), who came to the scene.

---

[1]This case was removed from state court, so Linicomn's operative pleading is his amended petition ("petition"). Although count 1 of the petition is entitled "Violations of 42 USC § 1942," Linicomn alleges in count 1 that Officers Hill and Matthews, and Doe 1, are liable "pursuant to 42 USC § 1983." Am. Pet. 2. The court also assumes that Linicomn intends to plead an excessive force claim against the Officers based on his allegations that they "assaulted [him], causing great bodily harm," in violation of his "rights enshrined in the United States Constitution" (count 1), and "batter[ed] him without justification or excuse," in violation of "the constitutional and civil rights of Plaintiff" (count 2). Am. Pet. ¶¶ 6, 10. The court interprets counts 1 and 2 to be somewhat redundant. Count 1 appears to allege claims for a warrantless entry and excessive use of force, in violation of the Fourth and Fourteenth Amendments, and actionable under 42 U.S.C. § 1983 against Officers Hill and Matthews, and Doe 1. Count 2 appears to allege the same claims against Officers Hill and Matthews, and Does 1-3.

[2]The petition titles count 3 as "Violations of 42 USC § 1943" but Linicomn asserts in count 3 that the City "is in violation of 42 USC § 1983." Am. Pet. 3. The court does not construe count 3 to allege a state law claim for negligence against the City.

Eventually, Linicomn, irate and upset, opened his front door and spoke with Sgt. Irizarry.  Sgt. Irizarry asked if the officers and paramedics could enter the residence to check on Linicomn's daughter.  Linicomn stated that his daughter was asleep, refused to allow anyone to enter, and attempted to close the door.  As Sgt. Irizarry and Officer Hill tried to stop Linicomn from closing the door, Sgt. Irizarry grabbed Linicomn and followed him inside.  Officer Matthews entered the residence but stayed near the front door to secure the front room.  When Linicomn got out of Sgt. Irizarry's grasp and attempted to run to another area inside the residence, Officer Hill grabbed him and tried to get him to the ground.  Officer Hill and Linicomn struggled until Sgt. Irizarry sprayed Linicomn with pepper spray.  Linicomn stopped resisting and fell to the ground.  Officer Hill then placed Linicomn in handcuffs, and Officers Hill and Matthews assisted Linicomn outside the residence where he was treated at the scene by the paramedics.

Linicomn filed suit in Texas state court, which dismissed with prejudice his state law claims against Officers Hill and Matthews for assault and battery.  After defendants removed the action to this court, Officers Hill and Matthews filed amended answers, affirmatively pleading the defense of qualified immunity, and moved the court to require Linicomn to file a Rule 7(a) reply that addressed the defense.  On August 1, 2014 the court granted the motion and ordered that Linicomn file a Rule 7(a) reply to "all assertions of immunity," Aug. 1, 2014

Order at 1, which Linicomn did.[3]  Officers Hill and Matthews now jointly move under Rule 12(c) for judgment on the pleadings, contending that Linicomn has failed to state a claim on which relief can be granted, or, alternatively, to plead facts that are sufficient to overcome their qualified immunity defense.  The City separately moves under Rule 12(c) for judgment on the pleadings, contending that Linicomn has failed to state a claim on which relief can be granted.  Linicomn opposes Officers Hill and Matthews' motion.  He did not respond to the City's motion.  Both are now ripe for decision.

II

Rule 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal quotation

---

[3]Officers Hill and Matthews separately filed amended answers ("answers") to Linicomn's petition, and Linicomn filed a "Reply to Defendants' Answer."  Officer Matthews is the only defendant expressly mentioned in the reply and "answer" is singular tense.  Additionally, ¶ 2.7.7 of Officer Matthews' answer and ¶ 2.7.8 of Officer Hill's answer are essentially identical, but ¶ 8(g) of Linicomn's reply admits to the allegations in 2.7.7 while ¶ 8(h) denies the allegations in 2.7.8.  Because it is illogical that Linicomn would admit to and deny the same facts, the court assumes that Linicomn intends only to admit and deny the allegations in Officer Matthews' answer.  Because his reply uses the plural tense to refer to "Defendants," and Officers Hill and Matthews' answers are identical in most respects, the court assumes that Linicomn intends his reply to respond to both Officers Hill and Matthews' qualified immunity defense.

marks omitted)).

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive defendants' motions, plaintiff's pleadings must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will do.'" *Id.* (quoting

*Twombly*, 550 U.S. at 555).

## III

The court considers first whether the City is entitled to judgment on the pleadings.

## A

A municipality is a "person" subject to suit under § 1983 under certain circumstances. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). Although a municipality cannot be held liable simply on a theory of respondeat superior, *id.* at 691, it can be held liable if a deprivation of a constitutional right was inflicted pursuant to an official policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Municipal liability requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)) (some internal quotation marks omitted).

The first element requires that Linicomn adequately plead an official policy or custom. "[A] policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Id.* at 542 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003)). Although a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable[,] . . . this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final

- 6 -

policymaker." *Id.* (citations, brackets, and some internal quotation marks omitted).   A custom is "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam)).

To satisfy the second element, Linicomn must adequately plead that "actual or constructive knowledge of a custom [is] attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Valle*, 613 F.3d at 542 (brackets omitted) (quoting *Webster*, 735 F.2d at 842); *Piotrowski*, 237 F.3d at 579.   Liability attaches only when a final policymaker (as distinguished from a final decisionmaker), who has "the responsibility for making law or setting policy in any given area of a local government's business," establishes the municipal policy with respect to the action ordered.   *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988); *see also Bolton v. City of Dallas*, 541 F.3d 545, 548-49 (5th Cir. 2008) (per curiam) ("Our analysis must also take into account the difference between final decisionmaking authority and final policymaking authority, a distinction that this circuit recognized as fundamental. . . . [D]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." (citations omitted)); *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1247 (5th Cir. 1993) (explaining distinction between final policymaking authority and mere decisionmaking).

- 7 -

The third element requires that Linicomn adequately plead that the municipal policy or custom was the "moving force" of the constitutional deprivation, which requires a "high threshold of proof." *Piotrowski*, 237 F.3d at 580 (citing *Monell*, 436 U.S. at 694).  The "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted).  Linicomn therefore "must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* (quoting *Brown*, 520 U.S. at 411) (internal quotation marks omitted); *see also Piotrowski*, 237 F.3d at 579 (quoting *Brown*, 520 U.S. at 407) ("[E]ven a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result.").  Simple or even heightened negligence, however, is insufficient to meet the deliberate indifference requirement. *Piotrowski*, 237 F.3d at 579 (quoting *Brown*, 520 U.S. at 407).

"Failure to train is a separate theory of municipal liability, but the same standard applies both to a failure to train claim and to a municipal liability claim." *Byers v. Navarro Cnty.*, 2012 WL 677203, at *16 (N.D. Tex. Mar.1, 2012) (Fitzwater, C.J.) (citations omitted); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).  "The failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Brown*

*v. Bryan Cnty.*, 219 F.3d 450, 457 (5th Cir. 2000) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).  "In resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform."  *City of Canton*, 489 U.S. at 390.  To establish this claim, Linicomn must prove that "'(1) the training procedures were inadequate; (2) the [City's] policymaker was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused [Linicomn's] injury.'"  *Byers*, 2012 WL 677203, at *16 (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011)).

B

The City contends that Linicomn has not sufficiently pleaded the elements of a § 1983 claim.  It maintains that Linicomn's pleadings only assert conclusory allegations against it. The City also posits that Linicomn has failed to plead any facts regarding the City's policies or customs, any facts that identify the City's final policymaker for its police department or that would allow the court to determine its final policymaker, and any facts showing that the City's policies or customs were the "moving force" and actual cause of his damages.  The City also asserts that it cannot be held liable under § 1983 as a matter of law for mere "negligence" on the part of its final policymaker.  As noted above, Linicomn has not responded to the City's motion.

C

The court holds that Linicomn has not stated a plausible § 1983 claim against the City. Linicomn's petition makes only conclusory and boilerplate allegations regarding the City:

- 9 -

> Defendant CITY OF DALLAS was negligent in the manner by
> which it trained and supervised its employees.  Said defendant
> was under a duty to Plaintiff, as a resident and cit[izen] of the
> City of Dallas, to supervise and train its police officers with
> respect to the civil rights of the members of the community and
> their obligations to respect such rights.  Further, the City of
> Dallas is under a duty to properly supervise its police officers so
> that such officers do not commit violations of the civil and
> constitutional rights of the people. Said failure by the City of
> Dallas is in violation of 42 USC §1983.

Am. Pet. ¶ 12.  Linicomn has not alleged any facts supporting the three elements that are

required to hold the City liable under § 1983 for failure to train and supervise its police

officers, i.e.,"'(1) the training procedures were inadequate; (2) the [City's] policymaker was

deliberately indifferent in adopting the training policy; and (3) the inadequate training policy

directly caused [Linicomn's] injury.'"  *Byers*, 2012 WL 677203, at *16 (quoting *Carnaby*,

636 F.3d at 189).

Moreover, even if Linicomn had plausibly pleaded that the City *negligently* trained

and supervised its employees, this would not alone plead a plausible § 1983 claim.  This is

so because "the inadequate training of police officers [can] be characterized as the cause of

the constitutional tort if—and only if—the failure to train amount[s] to '*deliberate

indifference*' to the rights of persons with whom the police come into contact."  *Collins v.

City of Harker Heights*, 503 U.S. 115, 123-24 (1992) (citing *City of Canton,* 489 U.S. at 388)

(emphasis added).  "Deliberate indifference" is a "stringent standard, requiring proof that a

municipal actor disregarded a known or obvious consequence of his action," for which "[a]

showing of simple or even heightened negligence will not suffice."  *Valle,* 613 F.3d at 543,

547.  To plausibly plead deliberate indifference, Linicomn must adequately allege that

> in light of the duties assigned to specific officers or employees
> the need for more or different training is so obvious, and the
> inadequacy so likely to result in the violation of constitutional
> rights, that the policymakers of the city can reasonably be said
> to have been deliberately indifferent to the need.

*Id.* at 547 (quoting *City of Canton,* 489 U.S. at 390) (internal quotation marks omitted).

Simple or even heightened negligence is insufficient to meet the deliberate indifference

standard.  *Piotrowski*, 237 F.3d at 579 (quoting *Brown*, 520 U.S. at 407).  Accordingly, the

City is entitled to judgment on the pleadings dismissing Linicomn's § 1983 negligent training

and supervising claim.

## IV

The court now considers whether Officers Hill and Matthews are entitled to judgment

on the pleadings based on the defense of qualified immunity.

### A

Qualified immunity jurisprudence is well settled.  "[G]overnment officials performing

discretionary functions generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Qualified immunity applies to state officials sued for constitutional violations under § 1983.

*See id.* at 818 n.30 (citing *Butz v. Economou*, 438 U.S. 478, 504 (1978)); *Palmer v. Johnson*,

193 F.3d 346, 351 (5th Cir. 1999).  "The Supreme Court has characterized the doctrine as

protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  *Cozzo*

*v. Tangipahoa Parish Council–President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

"To decide whether defendants are entitled to qualified immunity, the court must first answer the threshold question whether, taken in the light most favorable to plaintiff[] as the part[y] asserting the injuries, the facts [he has] alleged show that defendants' conduct violated a constitutional right." *Ellis v. Crawford*, 2005 WL 525406, at *3 (N.D. Tex. Mar.3, 2005) (Fitzwater, J.) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  This must be the initial inquiry.")).[4]  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  *Saucier*, 533 U.S. at 201. "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."  *Id.*   "Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable." *Wallace v. Cnty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005).  "The objective reasonableness of allegedly

---

[4]*Saucier*'s two-step procedure for determining qualified immunity is no longer mandatory.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Courts are free to consider *Saucier*'s second prong without first deciding whether the facts show a constitutional violation.  *Id.*  The "decision does not prevent the lower courts from following the Saucier procedure; it simply recognizes that those courts should have the discretion to decide whether that procedure is worthwhile in particular cases."  *Id.* at 242.

illegal conduct is assessed in light of the legal rules clearly established at the time it was taken." *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992) (citing *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).  "'The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the' plaintiff's asserted constitutional or federal statutory right." *Cozzo*, 279 F.3d at 284 (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001)).

"[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc)).  Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Rule 7(a). *Schultea*, 47 F.3d at 1433.  "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.*  "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).  The case should not be allowed to proceed unless plaintiff can assert specific facts that, if true, would overcome the defense. *See Morin*, 77 F.3d at 120 ("Public officials are entitled to qualified immunity from suit under § 1983 unless it is shown by specific allegations that the officials violated clearly established law.");

- 13 -

*Schultea*, 47 F.3d at 1434 ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]"). The "district court's discretion not to [require a Rule 7(a) reply] is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434; *see also Reyes*, 168 F.3d at 161 ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under [Rule] 7(a) to qualified immunity defenses.").

B

Officers Hill and Matthews maintain that they are entitled to judgment on the pleadings as to Linicomn's warrantless entry and excessive force claims because the pleadings fail to adequately state facts sufficient to defeat their qualified immunity defense. The court will assume *arguendo* that Linicomn has sufficiently alleged violations of clearly established constitutional rights—that Officers Hill and Matthews entered Linicomn's residence without a warrant or under a recognized exception to the warrant requirement[5] and that they used excessive force against him, in violation of the Fourth Amendment.[6] *See Ellis*,

---

[5]"The general rule under the Fourth Amendment is that searches of private property are unreasonable unless they are conducted pursuant to a warrant issued upon probable cause or fall within one of the limited exceptions to the warrant requirement." *Livecchi v. City of Grand Prairie*, 2009 WL 306123, at *6 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.) (quoting *Stoner v. State of California*, 376 U.S. 483, 486 (1964)).

[6]"The Fourth Amendment's protection against unreasonable seizures of the person has been applied in causes of action under 42 U.S.C. § 1983 to impose liability on police officers who use excessive force against citizens." *Wright v. City of Garland*, 2014 WL 5878940, at *8 (N.D. Tex. Nov. 13, 2014) (Fitzwater, J.) (quoting *Colston v. Barnhart*, 130 F.3d 96, 102 (5th Cir. 1997)).

2005 WL 525406, at *3 (citing *Saucier*, 533 U.S. at 201) ("To decide whether defendants are entitled to qualified immunity, the court must first answer the threshold question whether, taken in the light most favorable to plaintiff[] as the part[y] asserting the injuries, the facts [he has] alleged show that defendants' conduct violated a constitutional right."); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Courts are free to consider *Saucier*'s second prong without first deciding whether the facts show a constitutional violation.").[7] Thus the only question is whether Officers Hill and Matthews' conduct was objectively reasonable in light of the clearly established law at the time. *See Wallace*, 400 F.3d at 289 ("Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable."). For Linicomn to overcome Officers Hill and Matthews' qualified immunity defense, the factual allegations in his pleadings, if true, must demonstrate that Officers Hill and Matthews were objectively unreasonable (1) in their belief that entering Linicomn's residence without a warrant was supported by exigent circumstances, or (2) in their belief that their use of force against Linicomn was not excessive.

1

Linicomn alleges in his petition that Officers Hill and Matthews "entered [his] home without a warrant" and "in the absence of any recognized exception to the rule that a warrant

---

[7]Because Officers Hill and Matthews' motion for judgment on the pleadings can be decided without deciding this question, the court has not reached, and expresses no view about, whether Linicomn has sufficiently alleged violations of clearly established constitutional rights based on the warrantless entry and alleged excessive use of force.

is required to enter a residence without the consent of the occupant." Am. Pet. ¶ 5.  Officers

Hill and Matthews maintain, however, that the warrantless entry was justified because

"probable cause existed to believe that an injured person was inside Linicomn's home."

Matthews Am. Answer ¶ 2.3.  "A warrantless entry and search of a person's home can be

justified . . . if there is probable cause and exigent circumstances."  *United States v.*

*Thompson*, 2012 WL 1161609, at *2 (N.D. Tex. Apr. 9, 2012) (Fitzwater, C.J.) (citations

omitted).  One such exigency is "'the need to assist persons who are seriously injured or

threatened with such injury.'" *Michigan v. Fisher*, 558 U.S. 45, 47 (2009) (quoting *Brigham*

*City v. Stuart*, 547 U.S. 398, 403 (2006)).  Thus "law enforcement officers may enter a home

without a warrant to render emergency assistance to an injured occupant or to protect an

occupant from imminent injury." *City & Cnty. of San Francisco v. Sheehan*, ___ U.S. ___,

135 S. Ct. 1765, 1774-75 (2015) (citing *Brigham City*, 547 U.S. at 403).  "This 'emergency

aid exception' does not depend on the officers' subjective intent or the seriousness of any

crime they are investigating when the emergency arises." *Fisher*, 558 U.S. at 47 (quoting

*Brigham City*, 547 U.S. at 404-05).  "It requires only an 'objectively reasonable basis for

believing' that 'a person within [the house] is in need of immediate aid[.]'" *Id.* (alteration

in original) (quoting other sources).  Additionally, "[t]o determine whether exigent

circumstances justify a warrantless entry, the court must focus upon the reasonableness of

the officer's actions in light of the circumstances of the scene as it would appear to a

reasonable person standing in the shoes of the officer." *Thompson*, 2012 WL 1161609, at

*3 (citing *United States v. Blount*, 123 F.3d 831, 838 (5th Cir. 1997)).  "If reasonable minds

could differ, the courts should not second-guess the judgment of experienced law enforcement officers concerning the risks of a particular situation." *Id.*

Linicomn asserts in his Rule 7(a) reply that it was objectively unreasonable for Officers Hill and Matthews to believe based solely on the allegations of Linda—a woman who "was known by the City of Dallas to be mentally ill" and who "had made numerous prior complaints [to] the City of Dallas resulting in police action," which "had all been shown to have been groundless"—that exigent circumstances justified entering his residence without a warrant. Rule 7(a) Reply ¶ 8(d). Linicomn also maintains that, knowing this information about Linda, Officers Hill and Matthews should have determined whether her complaint was meritorious before making a warrantless entry. *Id.*

These facts, viewed in the light most favorable to Linicomn, are insufficient to demonstrate that it was objectively unreasonable for Officers Hill and Matthews to enter Linicomn's residence without a warrant. Linicomn alleges only that *the City* knew of Linda's mental illness and prior groundless complaints, not that either *Officer Hill* or *Officer Matthews* knew this information. Linicomn does not plead any other facts to show it was objectively unreasonable for Officers Hill and Matthews to take Linda's 911 call and complaint seriously or to otherwise believe that exigent circumstances (i.e., a sick child inside the residence in need of medical attention) existed to justify a warrantless entry.[8] Thus

---

[8]Because the court reaches its conclusion based on the "emergency aid exception" to the rule requiring a warrant to enter a residence, it need not address Officers Hill and Matthews' contention that the "safety exception" also applies.

Linicomn has not met his burden of pleading sufficient facts to plausibly establish that Officers Hill and Matthews' conduct was objectively unreasonable.  *See Byers*, 2012 WL 677203, at *2 (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)) ("Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.").

2

Regarding his excessive force claim, Linicomn alleges in his petition that Officers Hill and Matthews "assaulted [him], causing great bodily harm" and "batter[ed] him without justification or excuse."  Am. Pet. ¶¶ 6, 10.  Officers Hill and Matthews contend, however, that they did not use excessive force, or, in the alternative, that it was objectively reasonable for them to believe that their force was not excessive.  Linicomn admits that Sgt. Irizarry, not Officer Hill or Officer Matthews, sprayed him with pepper spray, and that the only time Officer Matthews ever touched him was to assist him outside the residence, after Officer Hill had handcuffed him.  With respect to Officer Hill, the pleadings allege that, when Linicomn tried to run to another area inside the residence, Officer Hill grabbed him and tried to get him to the ground, but Linicomn resisted, they struggled, and Officer Hill handcuffed Linicomn and assisted him outside the residence.

In his Rule 7(a) reply, Linicomn merely denies Officers Hill and Matthews' contention that it was objectively reasonable for them to believe that their use of force was not excessive.  Linicomn does not allege any facts to negate Officer Hill's assertion that he attempted to take Linicomn to the ground in order "to prevent him from going into an area

of the house where there could be weapons," Hill Am. Answer ¶ 2.7.7, and he does not allege *any facts at all* that, accepted as true, would show that Officers Hill and Matthews were objectively unreasonable in believing that their use of force against him was not excessive. *See Cozzo*, 279 F.3d at 284 (quoting *Thompson*, 245 F.3d at 457). Thus Linicomn has failed to meet his burden of alleging facts that, if true, demonstrate that Officers Hill and Matthews' conduct was objectively unreasonable. *See Byers*, 2012 WL 677203, at *2.

In sum, Linicomn's Rule 7(a) reply fails to allege any relevant facts to negate Officers Hill and Matthews' qualified immunity defense to the warrantless entry claim and fails to allege any facts regarding their immunity defense to the excessive use of force claim. *See* Aug. 1, 2014 Order at 1 (requiring Linicomn to respond to "to *all* assertions of immunity") (emphasis added); *see also Schultea*, 47 F.3d at 1433 ("[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations."). Because Linicomn has failed to establish the second requirement for defeating the defense of qualified immunity as to his § 1983 warrantless entry and excessive use of force claims, Officers Hill and Matthews are entitled to judgment on the pleadings for these claims.[9] *See Morin*, 77 F.3d at 120 (holding that case should not be allowed to proceed unless plaintiff can assert specific facts that, if true, would overcome the qualified immunity defense).

---

[9]Because the court is dismissing Linicomn's § 1983 claims against Officers Hill and Matthews based on their qualified immunity defense, it need not reach their contention that Linicomn also has failed to state a plausible claim under the Fourth Amendment.

V

Although the court is granting Officers Hill and Matthews' and the City's motions for judgment on the pleadings, it will permit Linicomn to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation omitted). Although Linicomn has already received an opportunity to amend his petition in state court and has filed a Rule 7(a) reply addressing Officers Hill and Matthews' qualified immunity defense, this is the first occasion for the court to evaluate the substantive merits of his claims against Officer Hill, Officer Matthews, and the City and for Linicomn to have the benefit of the court's guidance. Because Linicomn has not stated that he cannot, or is unwilling to, cure the defects that the court has identified, the court grants him 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.[10]

\* \* \*

For the foregoing reasons, the court grants defendants' Rule 12(c) motions for judgment on the pleadings and dismisses Linicomn's federal claims under 42 U.S.C. § 1983 against Officer Hill, Officer Matthews, and the City. The court grants Linicomn leave to file a second amended complaint within 28 days of the date this memorandum opinion and order

---

[10]Because the case has been removed, the term "complaint" is used instead of "petition."

is filed.

   **SO ORDERED**.

   September 25, 2015.

                              _____
                              SIDNEY A. FITZWATER
                              UNITED STATES DISTRICT JUDGE