IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNON LINICOMN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-0777-D |
| VS. | § | |
| | § | |
| CITY OF DALLAS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action brought by plaintiff Vernon Linicomn ("Linicomn") under 42 U.S.C. § 1983 alleging constitutional violations arising from police officers' warrantless entry into a residence and use of force, two police officers move under Fed. R. Civ. P. 12(c) for judgment on the pleadings with respect to plaintiff's amended complaint. Concluding that Linicomn has failed to cure the defects that the court identified in its prior memorandum opinion and order, the court grants the motion and dismisses Linicomn's actions against the police officers by Rule 54(b) final judgment filed today. Pursuant to Rule 4(m), the court also orders that Linicomn demonstrate good cause for failing to effect service on defendants Does 1-3.

I

Linicomn filed this lawsuit against defendants Maurico Hill ("Officer Hill"), Cheryl Matthews ("Officer Matthews"), three unidentified officers of the Dallas Police Department

("Does 1-3") (collectively, the "Officers"), and the City of Dallas ("the City").[*] He alleges claims under § 1983 against the Officers for entering his residence without a warrant and using excessive force against him—prompted by a false 911 call from his former wife Linda Linicomn ("Linda")—and against the City for negligently training and supervising the Officers. In *Linicomn v. City of Dallas*, 2015 WL 5664265, at *1 (N.D. Tex. Sept. 25, 2015) (Fitzwater, J.) ("*Linicomn I*"), the court granted defendants' motions for judgment on the pleadings as to all claims. Regarding the warrantless entry claim, the court held that

> [the] facts, viewed in the light most favorable to Linicomn, are insufficient to demonstrate that it was objectively unreasonable for Officers Hill and Matthews to enter Linicomn's residence without a warrant. Linicomn alleges only that *the City* knew of Linda's mental illness and prior groundless complaints, not that either *Officer Hill* or *Officer Matthews* knew this information. Linicomn does not plead any other facts to show it was objectively unreasonable for Officers Hill and Matthews to take Linda's 911 call and complaint seriously or to otherwise believe that exigent circumstances (i.e., a sick child inside the residence in need of medical attention) existed to justify a warrantless entry. Thus Linicomn has not met his burden of pleading sufficient facts to plausibly establish that Officers Hill and Matthews' conduct was objectively unreasonable.

*Id.* at *7 (emphasis in original) (footnote and citations omitted). The court concluded as to Linicomn's excessive force claim that "Linicomn does . . . not allege *any facts at all* that, accepted as true, would show that Officers Hill and Matthews were objectively unreasonable in believing that their use of force against him was not excessive." *Id.* at *8 (emphasis in original). The court granted defendants' motion for judgment on the pleadings, but it also

---

[*]The City of Dallas is no longer a defendant in this lawsuit.

granted Linicomn leave to file an amended complaint to attempt to cure these defects.

Linicomn then filed an amended complaint against only the Officers; he no longer named the City as a defendant. Officers Hill and Matthews timely answered and moved for a Rule 7(a) reply on the issue of qualified immunity, which the court granted. Officers Hill and Matthews then filed the instant motion for judgment on the pleadings, essentially renewing the arguments found in their earlier motion for judgment on the pleadings. Linicomn opposes the motion.

II

"[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir.1996) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995) (en banc)). Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Rule 7(a). *Schultea*, 47 F.3d at 1433. "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id*. "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir.1999). The case should not be allowed to proceed unless the plaintiff can assert specific facts that, if true, would overcome the defense. *See Morin*, 77 F.3d at 120 ("Public officials are entitled to qualified immunity from suit under § 1983

granted Linicomn leave to file an amended complaint to attempt to cure these defects.

Linicomn then filed an amended complaint against only the Officers; he no longer named the City as a defendant. Officers Hill and Matthews timely answered and moved for a Rule 7(a) reply on the issue of qualified immunity, which the court granted. Officers Hill and Matthews then filed the instant motion for judgment on the pleadings, essentially renewing the arguments found in their earlier motion for judgment on the pleadings. Linicomn opposes the motion.

II

"[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir.1996) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995) (en banc)). Although a plaintiff may comply with ordinary pleading standards in his initial complaint, and need not anticipate a qualified immunity defense, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail" pursuant to Rule 7(a). *Schultea*, 47 F.3d at 1433. "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id*. "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir.1999). The case should not be allowed to proceed unless the plaintiff can assert specific facts that, if true, would overcome the defense. *See Morin*, 77 F.3d at 120 ("Public officials are entitled to qualified immunity from suit under § 1983

unless it is shown by specific allegations that the officials violated clearly established law."); *Schultea*, 47 F.3d at 1434 ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]"). The "district court's discretion not to [require a Rule 7(a) reply] is narrow indeed when greater detail might assist." *Id.*; *see also Reyes*, 168 F.3d at 161 ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under [Rule] 7(a) to qualified immunity defenses.").

III

The court holds that Linicomn's amended pleadings do not cure the defects identified in *Linicomn I*. Neither his amended complaint nor his Rule 7(a) reply contains any specific facts that plausibly plead that Officers Hill and Matthews had any knowledge or reason to know that Linda's complaint to police was false. Linicomn attempts to establish such facts by asserting that "Defendants knew or should have known that Linda Linicomn had made numerous, prior similar calls to the Dallas Police and or Fire Departments, as early as earlier that day, and that on each occasion such calls were found to be unfounded." Rule 7(a) Reply ¶ 10(c). But these allegations alone lack sufficient specificity to satisfy the heightened pleading standard. *See Byers v. Navarro Cnty.*, 2012 WL 677203, at *2 (N.D. Tex. Mar. 1, 2012) (Fitzwater, C.J.) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)) ("Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.").

Further, other than alleging that force was used, Linicomn makes no assertions

- 4 -

concerning the alleged use of excessive force.  Linicomn bears the burden of pleading facts that could establish that the force used was excessive, which he has failed to do.  *See id.*

Because Linicomn has failed to cure the defects identified in *Linicomn I*, the court grants defendants' motion for judgment on the pleadings.

IV

In his state court original petition filed on October 22, 2013 and amended complaint filed in this court on October 24, 2015, Linicomn names as defendants "Does 1-3"—whom he believes to be police officers employed by the City.

Pursuant to Rule 4(m), the court orders that Linicomn demonstrate good cause, in accordance with Rules 4(m) and 6(b), for failing to effect service on Does 1-3.  This must be done by filing a written response with the clerk of court no later than December 13, 2016. If the court does not receive the required response on or before the due date, or if Linicomn files a timely response but fails to demonstrate good cause, the court will dismiss this action as to Does 1-3 without prejudice, by authority of Rule 4(m).

\* \* \*

For the reasons explained, the court grants Officers Hill and Matthews' motion for judgment on the pleadings and dismisses Linicomn's § 1983 claims against Officers Hill and Matthews with prejudice by Rule 54(b) judgment entered today.  Linicomn must demonstrate

good cause for failing to effect service on defendants Does 1-3.

    **SO ORDERED**.

November 22, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE